**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **KAY YATES NEWBERRY,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 5:12-cv-251 (MTT)** |
| | : | |
| **CAROLYN W. COLVIN,** | : | **Social Security Appeal** |
| **Defendant.** | : | |
| _____: | | |

## RECOMMENDATION

This is a review of a final decision of the Commissioner of Social Security denying Plaintiff Kay Yates Newberry's claim for disability insurance benefits under the Social Security Act, 42 U.S.C. § 405(g). Because the Commissioner's decision that Plaintiff is not disabled is supported by substantial evidence and based on proper legal standards, it is hereby **RECOMMENDED** that the decision be **AFFIRMED**.

## BACKGROUND

On April 4, 2007, Plaintiff applied for disability insurance benefits. AR 178-182 (Doc. 7-5). Plaintiff's application was denied initially and upon reconsideration. AR 91-92 (Doc. 7-3). Following an administrative hearing on April 23, 2008, the Administrative Law Judge (ALJ) issued a written decision finding Plaintiff not disabled on September 18, 2008. AR 70-90 (Doc. 7-2); AR 96-102 (Doc. 7-3). On July 17, 2009, the Appeals Council vacated the ALJ's written decision and remanded the case for further proceedings. AR 105-106 (Doc. 7-3).

The ALJ conducted a second administrative hearing on December 2, 2010. AR 33-68 (Doc. 7-2). At the time of the second administrative hearing, Plaintiff was 50 years old and suffered from insulin dependent diabetes mellitus, lumbar strain, osteoarthritis, and high blood pressure. AR 19, 37 (Doc. 7-2). Prior to the alleged onset date of November 27, 2005, Plaintiff

1

worked as a registered nurse. Id. Following the second administrative hearing, the ALJ issued a second written decision finding Plaintiff not disabled on January 28, 2011. AR 17-27 (Doc. 7-2). The Appeals Council declined to review the ALJ's second written decision. AR 1-6 (Doc. 7-2). On July 3, 2012, Plaintiff filed the instant appeal. Pl. Compl. (Doc. 1).

## STANDARD OF REVIEW

When reviewing claims brought under the Social Security Act, courts have a very limited role. Review of the Commissioner's decision is restricted to whether the decision "is supported by substantial evidence and based on proper legal standards." Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id.

Courts must defer to the Commissioner's factual findings. A reviewing court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" Phillips v. Barnhart, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004), quoting Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). Credibility determinations are left to the Commissioner, and not to a reviewing court. Carnes v. Sullivan, 936 F.2d 1215, 1219 (11th Cir. 1991). Moreover, the Commissioner, and not a reviewing court, is charged with resolving conflicts in the evidence. Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986). A reviewing court must scrutinize the complete administrative record to determine the reasonableness of the Commissioner's factual findings. Bloodsworth, 703 F.2d at 1239. Even if the evidence preponderates against the Commissioner's decision, the Commissioner's decision must be affirmed if it is supported by substantial evidence. Id.

The Commissioner's conclusions of law are given less deference. Courts must determine if the Commissioner applied the proper standards in reaching a decision. Harrell v. Harris, 610

F.2d 355, 359 (5th Cir. 1980).[1] Unlike the Commissioner's findings of fact, "'no similar presumption of validity attaches to the [Commissioner's] conclusions of law, including determinations of the proper standards to be applied in reviewing claims.'" Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982), quoting Smith v. Schweiker, 646 F.2d 1075, 1076 (5th Cir. 1981). The Commissioner's failure to apply the correct legal standards or to provide a sufficient factual basis for the court to determine whether the correct legal standards have been applied is grounds for reversal. Wiggins, 679 F.2d at 1389.

## EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity due to a physical or mental impairment which is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). The claimant bears the burden of proving her disability. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003).

When analyzing the issue of disability, the Commissioner must follow a five-step sequential evaluation procedure. 20 C.F.R. § 404.1520(a)(4)(i)-(v); 20 C.F.R. § 416.920(a)(4)(i)-(v). First, the Commissioner determines whether the claimant currently is engaged in substantial gainful activity. Second, the Commissioner considers the medical severity of the claimant's impairments. Third, the Commissioner considers whether the medical severity of the claimant's impairments meets or equals the severity of one or more of the specified impairments in the listing of impairments and meets the duration requirement.

The Commissioner next assesses the claimant's residual functional capacity (RFC), which is defined as "the most you can still do despite your limitations." 20 C.F.R. §

---

[1] In Bonner v. Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit rendered before October 1, 1981.

404.1545(a)(1). Fourth, based on the RFC assessment, the Commissioner evaluates the claimant's ability to return to past relevant work despite the claimant's impairments. Fifth, the Commissioner determines whether there are a sufficient number of jobs in the national economy that the claimant can perform in light of the RFC, age, education, and work experience.

## DISCUSSION

The Commissioner's decision must be affirmed because the determination that Plaintiff is not disabled is supported by substantial evidence and based on proper legal standards. According to Plaintiff, the Commissioner's decision is flawed for three reasons. First, Plaintiff argues that the ALJ erred in evaluating the medical opinion of treating physician Dr. Giron. Second, Plaintiff contends that the ALJ erred in assessing Plaintiff's credibility. Third, Plaintiff alleges that the Appeals Council erred by failing to properly review the additional medical evidence submitted by Plaintiff. As discussed below, however, the ALJ properly evaluated both the medical opinion of Dr. Giron and the credibility of Plaintiff, and the Appeals Council appropriately considered the additional evidence submitted by Plaintiff.

## ALJ's Findings

At step one of the five-step sequential evaluation procedure, the ALJ determined that Plaintiff did not engage in substantial gainful activity during the period from the alleged onset date of November 27, 2005 to the date last insured of December 31, 2010. AR 19 (Doc. 7-2). At step two, the ALJ concluded that Plaintiff suffered from the severe impairments of insulin dependent diabetes mellitus, lumbar strain, osteoarthritis, and high blood pressure. Id. At step three, the ALJ determined that Plaintiff's impairments did not, alone or in combination, meet or medically equal any of the impairments listed in Appendix 1 to Subpart P of Part 404 of Chapter

20 of the Code of Federal Regulations (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). AR 19-20 (Doc. 7-2).

Consequently, but before moving to step four, the ALJ considered Plaintiff's RFC. The ALJ concluded that Plaintiff had the RFC to perform "sedentary work" as that term is defined in 20 C.F.R. § 404.1567(a) with the following limitations. AR 20 (Doc. 7-2). Plaintiff needed the option to sit or stand once every thirty minutes. Id. Plaintiff could not engage in prolonged standing or walking. Id. Plaintiff could lift or carry no more than ten pounds on any occasion. Id. Plaintiff could not use foot controls. Id. Plaintiff could climb, balance, kneel, stoop, crouch, or crawl occasionally. Id. Plaintiff could work overhead occasionally. Id. Even so, Plaintiff could not work on ladders, ropes, scaffolds, or unprotected heights. Id.

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. AR 26 (Doc. 7-2). At step five, however, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform based on Plaintiff's age, education, work experience, and RFC. Id. The list of representative occupations identified by the ALJ included: Medical Clerk, Appointment Clerk, and Claims Clerk. AR 27 (Doc. 7-2). The ALJ therefore found that Plaintiff was not disabled at any time during the period from the alleged onset date to the date last insured. Id.

## Evaluation of Medical Opinion

Plaintiff principally argues that the ALJ failed to properly evaluate the medical opinion of treating physician Dr. Giron. According to Plaintiff, the ALJ did not explain why he credited only some portions of Dr. Giron's opinion or detail the weight he assigned to other portions of Dr. Giron's opinion. Pl. Brief (Doc. 8 at 14-17). Because the ALJ's decision adequately addresses Dr. Giron's medical opinion and explains why the ALJ afforded certain portions of Dr.

Giron's medical opinion less weight in accordance with proper legal standards, Plaintiff's first argument is without merit.

Medical opinions are defined as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 416.927(a)(2). When determining what weight to assign a medical opinion, the ALJ should consider the following factors: (1) whether the source examined the claimant; (2) whether the source was a treating physician; (3) the length of the treatment relationship and the frequency of examination; (4) the nature and extent of the treatment relationship; (5) whether the source identified relevant evidence to support the opinion; (6) consistency with the complete record; (7) the specialization of the physician; and (8) other relevant factors. 20 C.F.R. § 404.1527(c); 20 C.F.R. § 416.927(c). Even so, the ALJ should not attribute any special significance to an opinion that the claimant is disabled or unable to work because such an opinion is not a medical opinion. 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d). Instead, it is an opinion on an issue expressly reserved to the Commissioner. Id.

In this case, the record establishes that Dr. Giron first examined Plaintiff on February 6, 2006. AR 365-369 (Doc. 7-7). The objective findings in Dr. Giron's own medical records after his initial consultation with Plaintiff indicate that a "[l]umbar MRI dated 12/15/05 revealed very minimal disc bulge at L5-SI with minimal disc bulging at L3-4 and L4-5. MRI of the lumbar spine dated 4/7/04 revealed a mild annular disc bulge and minimal encroachment on the central canal at L4-5 with mild disc desiccation changes at L4-5." Id. The record further establishes that Dr. Giron treated Plaintiff periodically between 2006 and 2010. AR 341-372 (Doc. 7-7); AR

484-487 (Doc. 7-8); AR 518-521 (Doc. 7-8); AR 537-540 (Doc. 7-9); AR 640-664 (Doc. 7-9). On April 22, 2008, Plaintiff submitted an unsigned and undated questionnaire that was addressed to Dr. Giron in which someone opined that Plaintiff could not sit for more than twenty minutes or stand for more than thirty minutes at one time and that Plaintiff could stand/walk for about two hours and sit for about four hours total in an eight hour day if permitted to shift her position at will. AR 484-487 (Doc. 7-8). On March 1, 2010, Dr. Giron signed a statement in which he reported that Plaintiff should not lift over ten pounds and that Plaintiff should not sit for more than ten to fifteen minutes or stand for more than five minutes without shifting her position. AR 539-540 (Doc. 7-9). Dr. Giron also quantified Plaintiff's level of physical impairment as "class 5 - severe limitation of functional capacity; incapable of minimum (sedentary) activity." Id. On November 22, 2010, Dr. Giron wrote a letter in which he opined that Plaintiff was "medically disabled and unable to return to the workplace." AR 663-664 (Doc. 7-9).

The ALJ properly evaluated the medical opinion of Plaintiff's treating physician Dr. Giron. After accurately describing Dr. Giron's medical opinion and the various findings in Dr. Giron's own medical records, the ALJ determined that the "functional evaluations or opinions from Dr. Giron have limited evidentiary weight because they are inconsistent with the record as a whole and his own treating records which reflect a conservative course of treatment with no evidence of any prior significant work or functional limitations reported by him despite his period of treatment of the claimant." AR 26 (Doc. 7-2). The ALJ also determined that the reports of Dr. Giron revealed "minimal objective abnormalities" before summarizing his overall evaluation of the various medical opinions by stating that "the reports and conclusions from the treating, consultative, and non-examining sources are afforded appropriate weight." Id. In so

doing, the ALJ did not specify how much weight he assigned to the remaining portions of Dr. Giron's medical opinion that were not expressly given "limited" weight. Id.

By assigning limited weight to the portions of Dr. Giron's opinion regarding functional evaluations, the ALJ correctly evaluated Dr. Giron's medical opinion in accordance with proper legal standards. Generally, the opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." Lewis, 125 F.3d at 1440. Even so, "good cause" exists to discount the medical opinion of a treating physician where the "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." Phillips, 357 F.3d at 1241. Here, the ALJ clearly articulated why "good cause" existed to discount the portions of Dr. Giron's opinion regarding functional evaluations, namely because these portions of Dr. Giron's medical opinion were not bolstered by the evidence and were inconsistent with Dr. Giron's own medical records. The ALJ also properly evaluated the portions of Dr. Giron's opinion regarding functional evaluations not only because Dr. Giron did not identify relevant evidence, including laboratory findings, to support these portions of Dr. Giron's opinion, but also because these portions of Dr. Giron's opinion were not consistent with the record as a whole. 20 C.F.R. § 404.1527(c); 20 C.F.R. § 416.927(c). Additionally, there was no reason for the ALJ to afford special significance to the portions of Dr. Giron's medical opinion regarding Plaintiff's disability or ability to work, which were "opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive." 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d).

Even though the ALJ did not specifically state how much weight he assigned to the remaining portions of Dr. Giron's medical opinion that were not expressly given "limited"

weight, review of the complete administrative record establishes that the ALJ adequately evaluated not only the substance of Dr. Giron's medical opinion, but also all of the relevant evidence in the record before making a finding about Plaintiff's RFC. 20 CFR § 404.1520(e); 20 CFR § 404.1546(c). Assuming for the sake of argument that the ALJ had stated that the remaining portions of Dr. Giron's opinion would receive controlling weight, there is no basis to conclude that expressly finding those portions of Dr. Giron's opinion to be controlling would change either the RFC assessment or the ultimate determination that Plaintiff is not disabled based on all the relevant evidence. "[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision, as was not the case here, is not a broad rejection which is 'not enough to enable [the reviewing court] to conclude that [the ALJ] considered [Plaintiff's] medical condition as a whole.'" Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005), quoting Foote v. Chater, 67 F.3d 1553, 1561 (11th Cir. 1995). Here, the ALJ's decision contains sufficient reasoning to permit the Court to conclude that the decision is based on proper legal standards and supported by substantial evidence. As such, the ALJ's apparent oversight concerning the weight afforded to the remaining portions of Dr. Giron's medical opinion is inconsequential because it did not create an "evidentiary gap that caused unfairness or clear prejudice."[2] Caldwell v. Barnhart, 261 Fed. Appx. 188, 190 (11th Cir. 2008), citing Brown v. Shalala, 44 F.3d 931, 935 (11th Cir. 1995).

Moreover, Plaintiff's argument that the ALJ erred by not mentioning one sentence in Dr. Giron's November 22, 2010 letter, which stated that Plaintiff "must have the ability to [lie] down at intervals for relief of her lower back pain when all other conservative measures have failed," AR 663 (Doc. 7-9), lacks merit for two primary reasons. First, "the ALJ is not required to discuss

---

[2] Insofar as Plaintiff summarily alleges that the ALJ erred by not assigning a more specific weight to the opinion of examining physician Dr. Spivey, Plaintiff's undeveloped claim is unavailing for the exact same reasons that Plaintiff's claim about the specific weight afforded to the remaining portions of Dr. Giron's opinion is unavailing.

every piece of evidence in [his] decision." Thomas v. Commissioner of Social Security, 497 Fed.

Appx. 916, 918 (11th Cir. 2012), citing Dyer, 395 F.3d at 1211. Second, even if the ALJ had

mentioned this stray aspect of Dr. Giron's opinion, there is no basis to conclude that doing so

would change either the RFC assessment or the ultimate determination that Plaintiff is not

disabled based on all the relevant evidence because a medical opinion merits less weight when

the source fails to identify any relevant evidence to support the opinion. 20 C.F.R. § 404.1527(c);

20 C.F.R. § 416.927(c). In sum, because the ALJ's evaluation of Dr. Giron's medical opinion is

supported by substantial evidence and based on proper legal standards, there is no basis to

disturb this finding.

Evaluation of Plaintiff's Credibility

Plaintiff next argues that the ALJ erred when evaluating Plaintiff's credibility. According

to Plaintiff, the ALJ failed to comply with SSR 96-7P to the extent that the ALJ did not fully

consider Plaintiff's testimony and work history. Pl. Brief (Doc. 8 at 17-19). Contrary to

Plaintiff's second argument, the ALJ properly assessed Plaintiff's credibility.

Where, as here, Plaintiff testified about experiencing pain and other symptoms, the ALJ

is responsible for considering all of Plaintiff's symptoms, including her complaints of pain, and

the extent to which her symptoms "can reasonably be accepted as consistent with the objective

medical evidence and other evidence." 20 C.F.R. § 404.1529(a). In addition, 20 C.F.R. §

404.1529(a) provides in pertinent part that:

> [S]tatements about your pain or other symptoms will not alone establish that you
> are disabled; there must be medical signs and laboratory findings which show that
> you have a medical impairment(s) which could reasonably be expected to produce
> the pain or other symptoms alleged and which, when considered with all of the
> other evidence (including statements about the intensity and persistence of your
> pain or other symptoms which may reasonably be accepted as consistent with the
> medical signs and laboratory findings), would lead to a conclusion that you are
> disabled.

To establish disability based on pain and other symptoms, Plaintiff must show: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain, or (b) an objectively determinable medical condition that can reasonably be expected to give rise to the claimed pain. Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002). When there is evidence that an impairment reasonably could be expected to produce the symptoms alleged by Plaintiff, the ALJ considers objective medical evidence and information from Plaintiff and treating or examining physicians, as well as factors such as evidence of daily activities, medications taken, and any other aggravating factors. 20 C.F.R. § 404.1529.

It is well-established that credibility determinations are left to the Commissioner, and not to the reviewing court. Carnes, 936 F.2d at 1219. Regarding credibility, SSR 96-7p specifically states that:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

That is, the ALJ must "clearly articulate explicit and adequate reasons for discrediting the claimant's allegations of completely disabling symptoms." Dyer, 395 F.3d at 1210 (internal quotation marks and citation omitted). While "[t]he credibility determination does not need to cite particular phrases or formulations," it must sufficiently indicate that the ALJ considered Plaintiff's medical condition as a whole. Id.

In this case, the ALJ specifically found that "[Plaintiff's] medically determinable impairments could reasonably be expected to cause some level of the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence, and limiting effects of these symptoms are found to be credible only to the extent they are consistent with the above [RFC] assessment." AR 22 (Doc. 7-2). The ALJ's decision sufficiently indicates that the ALJ considered Plaintiff's medical condition as a whole before finding Plaintiff's testimony regarding her pain and other symptoms to be partially credible. Review of the complete administrative record establishes that the ALJ thoroughly and properly evaluated all of the relevant medical and other evidence concerning Plaintiff's statements about the intensity, persistence, and limiting effects of her pain and other symptoms. The ALJ's decision expressly addressed Plaintiff's testimony and her work history in accordance with SSR 96-7P. AR 20-22 (Doc. 7-2). The ALJ's assessment of Plaintiff's credibility is consistent with all of the relevant evidence, and Plaintiff's arguments to the contrary must be rejected because they suggest that the Court should reweigh the evidence or supplant the credibility determination made by the Commissioner. Phillips, 357 F.3d at 1240 n. 8; Carnes, 936 F.2d at 1219. Because the ALJ's assessment of Plaintiff's credibility is supported by substantial evidence and based on proper legal standards, there is no basis to disturb this finding.

<u>Evaluation of Additional Evidence</u>

Plaintiff further argues that the Appeals Council erred in failing to consider the additional medical evidence submitted by Plaintiff. According to Plaintiff, remand is warranted under sentence four of 42 U.S.C. § 405(g) because the additional evidence was new, material, and chronologically relevant. Pl. Brief (Doc. 8 at 19-20). Contrary to Plaintiff's third argument, the Appeals Council adequately considered the additional medical evidence submitted by Plaintiff

after the second administrative hearing, and therefore, there is no basis to remand this case under sentence four of 42 U.S.C. § 405(g).

Generally, a claimant seeking disability insurance benefits may present new evidence at each stage in the administrative process. 20 C.F.R. § 404.900(b); Ingram v. Commissioner of Social Security, 496 F.3d 1253, 1261 (11th Cir. 2007). "The Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if 'the [ALJ's] action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" Ingram, 496 F.3d at 1261, quoting 20 C.F.R. § 404.970(b). Under sentence four of 42 U.S.C. § 405(g), the Court may remand an application when "the Appeals Council did not adequately consider the additional evidence." Bowen v. Heckler, 748 F.2d 629, 636 (11th Cir. 1984); see also Ingram, 496 F.3d at 1269 (explaining that when "evidence properly presented to the Appeals Council has been considered by the Commissioner and is part of the administrative record, that evidence can be the basis for only a sentence four remand.").

In this case, the additional medical evidence submitted by Plaintiff consisted of a two-page disability examination report and a seven-page medical source questionnaire, both of which were completed by Dr. Fried after a single examination of Plaintiff on April 4, 2011. AR 665-674 (Doc. 7-9). Plaintiff submitted this additional evidence more than two months after the ALJ issued a second decision finding Plaintiff not disabled. AR 17-27 (Doc. 7-2). The Appeals Council expressly stated that it considered Dr. Fried's April 4, 2011 medical evaluation, which was made part of the administrative record, before the Appeals Council concluded that the additional evidence did not provide any basis to change the ALJ's decision. AR 1-6 (Doc. 7-2).

Assuming for the sake of argument that Dr. Fried's medical evaluation is new, chronologically relevant evidence, there is no basis to conclude that the additional evidence is

"material," meaning that the additional evidence is "relevant and probative so that there is a reasonable possibility that it would change the administrative result." Milano v. Bowen, 809 F.2d 763, 766 (11th Cir. 1987).

Much of Dr. Fried's medical evaluation appears to be cumulative as it largely restates Plaintiff's subjective complaints of pain and summarizes prior medical records previously presented to the ALJ. While some responses in the questionnaire completed by Dr. Fried were identical to the RFC assessment, including the conclusion that Plaintiff could lift or carry no more than ten pounds occasionally, other responses in the questionnaire completed by Dr. Fried, including a finding that Plaintiff could use foot controls frequently with her right foot and rarely with her left foot, proposed less limitations than the RFC assessment, which provided that Plaintiff could never use foot controls. AR 20 (Doc. 7-2); AR 668, 670 (Doc. 7-9).

In certain respects, the new evidence is inconsistent with the administrative record as a whole. Specifically, Dr. Fried's opinion that Plaintiff's work-related limitations first occurred on an unspecified date in 2004 is inconsistent Plaintiff's testimony about suffering a work-related injury on November 27, 2005, which Plaintiff apparently told Dr. Fried during his examination. AR 37, 41-42 (Doc. 7-2); AR 666, 673 (Doc. 7-9).

Based on the cumulative nature of Dr. Fried's report, the lack of relevant evidence to support the medical opinion it sets out, and certain inconsistencies between the new report's medical evaluation and the administrative record as a whole, there is not a reasonable probability that the additional evidence would have changed the result. It is well-established that the Appeals Council is "free to give little weight to the conclusory assertions contained in the questionnaires [introduced as new evidence] because they merely consisted of items checked on a survey, with no supporting explanations." Burgin v. Commissioner of Social Security, 420 Fed. Appx. 901,

903 (11th Cir. 2011), citing <u>Lewis</u>, 125 F.3d at 1440. Generally, remand is not warranted where Plaintiff submitted additional evidence to the Appeals Council in the form of a medical evaluation based on medical records previously presented to the ALJ and an examination that occurred after the ALJ's decision. <u>See</u> <u>Hoffman v. Astrue</u>, 259 Fed. Appx. 213, 220-221 (11th Cir. 2007). In sum, because the additional evidence considered by the Appeals Council and the complete administrative record provide substantial evidence to support the Commissioner's final decision finding Plaintiff not disabled, the Appeals Council appropriately declined to review the ALJ's decision after considering the additional medical evidence submitted by Plaintiff. <u>See</u> <u>Ingram</u>, 496 F.3d at 1266-1267.

## <u>CONCLUSION</u>

The decision that Plaintiff is not disabled is supported by substantial evidence and based on proper legal standards. Because the ALJ properly evaluated both Dr. Giron's medical opinion and Plaintiff's credibility, and because the Appeals Council appropriately considered the additional evidence submitted by Plaintiff, it is hereby **RECOMMENDED** that the Commissioner's final decision be **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 16th day of August, 2013.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge