## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| KAY YATES NEWBERRY, ) | |
| ) | |
|      Plaintiff, ) | |
| ) | |
|      v. ) | CIVIL ACTION NO. 5:12-CV-251 (MTT) |
| ) | |
| CAROLYN W. COLVIN, *Commissioner* ) | |
| *of Social Security*, ) | |
| ) | |
|      Defendant. ) | |
| ) | |

## ORDER

Before the Court is Magistrate Judge Charles H. Weigle's Recommendation on the Claimant's complaint. (Doc. 12). The Magistrate Judge recommends affirming the decision of the Commissioner because the Administrative Law Judge's evaluation of the treating physician's medical opinion and his assessment of the Claimant's credibility were supported by substantial evidence and based on proper legal standards. Further, the Magistrate Judge recommends affirming the Commissioner's decision because the Appeals Council appropriately declined to review the ALJ's decision after considering additional medical evidence submitted by the Claimant. The Claimant has objected to the Recommendation. (Doc. 13). Specifically, the Claimant objects to: (1) the Magistrate Judge's finding that the treating physician's medical opinion was properly evaluated because the ALJ provided no explanation for why he rejected some of the physician's opinions while accepting others; (2) the Magistrate Judge's finding that the ALJ properly considered the Claimant's testimony because the ALJ "merely summarized the evidence" without explaining how the evidence supported his findings;

and (3) the Magistrate Judge's finding that the Appeals Council appropriately declined review of the ALJ's decision after considering additional medical evidence because the new evidence "might establish an objective basis for the pain the ALJ did not accept." (Doc. 13 at 5-6).

First, the Magistrate Judge fully addresses the Claimant's argument with regard to the ALJ's evaluation of the treating physician's medical opinion. (Doc. 12 at 5-10). Nothing in the Claimant's objection alters the Magistrate Judge's analysis. Thus, the Court agrees with the Recommendation and finds that the ALJ based his evaluation of the treating physician's medical opinion on substantial evidence and used proper legal standards.

Further, the ALJ properly assessed the Claimant's credibility. "The credibility determination does not need to cite 'particular phrases or formulations' but it cannot merely be a broad rejection which is 'not enough to enable [the Court] to conclude that [the ALJ] considered her medical condition as a whole.'" *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotations and citations omitted). "'Although this circuit does not require an explicit finding as to credibility, ... the implication must be obvious to the reviewing court.'" *Id.* (citation omitted). It is clear to this Court that the ALJ found the Claimant partially credible. The ALJ did not merely summarize the evidence and state a broad rejection of the Claimant's credibility. Instead, he found the Claimant could reasonably be expected to have "some level of the alleged symptoms" based on her medically determinable impairments, but her testimony regarding "the intensity, persistence and limiting effects of these symptoms" was not consistent with the objective evidence presented. (Doc. 7-2 at 23).

Finally, the Magistrate Judge correctly assessed the additional medical evidence from Dr. Fried presented to the Appeals Council as cumulative of the evidence presented to the ALJ and as somewhat inconsistent with the administrative record as a whole.  Contrary to the Claimant's assertion, nothing from Dr. Fried's objective testing suggests that it would have impacted the ALJ's assessment of the Claimant's subjective pain and limitations.  The ALJ previously concluded that the Claimant had medical impairments that indicated some pain and limitations would be present but not to the extent the Claimant alleged.  Thus, the additional evidence is not material because there is not a reasonable possibility that it would have changed the administrative result.

The Court has thoroughly considered the Claimant's objection and has made a de novo determination of the portions of the Recommendation to which the Claimant objects.  Accordingly, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation is adopted and made the order of this Court.  The decision of the Commissioner is **AFFIRMED**.

**SO ORDERED**, this 6th day of September, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT